# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address: 1437 Bannock Street<br>                    Denver, CO 80202 | DATE FILED: October 18, 2018 10:25 AM<br>FILING ID: D26B58035DAD0<br>CASE NUMBER: 2018CV33905 |
| Plaintiffs:   ERMA T. GUTIERREZ and GENE ULIBARRI<br><br>Defendants: CARLOS CATORENA and MESILLA<br>                      VALLEY TRANSPORTATION, INC. | ▲COURT USE ONLY▲ |
| Robert E. Markel, #12401<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado  80014<br>Phone Number: (303) 757-3300<br>Fax Number: (303) 759-5203<br>E-Mail: markelb@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT** | |

Erma T. Gutierrez and Gene Ulibarri (hereinafter "Plaintiffs"), by and through the undersigned counsel, for their Complaint for damages, state and allege as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff Erma T. Gutierrez is a person who resides in the State of Colorado.

2. Plaintiff Gene Ulibarri is a person who resides in the State of Colorado.

3. Defendant Carlos Castorena (hereinafter "Defendant Castorena") is a person who, Plaintiffs are informed and believe, resides in the State of Texas.

4. Defendant Mesilla Valley Transportation, Inc. (hereinafter "Defendant MVT") is a New Mexico corporation doing business in the State of Colorado.

5. Venue is proper in this action pursuant to C.R.C.P. 98(c) because the incident underlying this cause of action occurred within the City and County of Denver, State of Colorado.

6. On or about December 6, 2017, at approximately 1:58 p.m., Plaintiff Gene Ulibarri was operating and Plaintiff Erma Gutierrez was a passenger in a motor vehicle traveling eastbound

on 46th Avenue, near the intersection with Steele Street, in the City and County of Denver, State of Colorado.

7.  At the same time, Defendant Castorena was operating a semi tractor-trailer traveling westbound on 46th Avenue, near the intersection with Steele Street, in the City and County of Denver, State of Colorado.

8.  Defendant Castorena attempted to make a left turn of his motor vehicle from westbound 46th Avenue onto southbound Steele Street as Plaintiffs' vehicle was approaching that intersection from the opposite direction.

9.  Plaintiffs' motor vehicle was within the intersection or so close thereto as to constitute an immediate hazard when Defendant Castorena began his left turn.

10. Plaintiffs' motor vehicle had the right of way in the intersection.

11. Plaintiffs' and Defendant Castorena's motor vehicles collided in the intersection.

12. In the course of the motor vehicle collision just described, Defendant Castorena operated his vehicle negligently, recklessly, and carelessly in total disregard for the traffic regulations then in effect, traffic conditions then encountered, and the rights and safety of Plaintiffs and the public at large.

13. At the time of the accident, Plaintiff Ulibarri was operating his vehicle prudently, reasonably, lawfully, and safely.

14. Defendant Castorena's tortious conduct on the occasion in question was in violation of his duty to Plaintiffs and the public at large to drive carefully and prudently.

15. Defendant Castorena's tortious conduct on the occasion in question was sufficient to cause, and did cause, each Plaintiff to suffer severe injuries.

16. Neither Plaintiff was negligent on the occasion in question.

17. No third party caused, or contributed to the cause of the accident and Plaintiffs' injuries, damages, and losses.

18. Plaintiffs have not failed to mitigate their damages.

19. Plaintiffs have not been injured in an unrelated matter subsequent to the accident date in question.

20. Denver Police Department Officer Jasus Joseph investigated the accident. Upon completion of the investigation, Officer Joseph determined that Defendant Castorena caused the accident by his careless driving.

## FIRST CLAIM FOR RELIEF
*(Negligence against Defendant Castorena)*

21. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

22. As a direct and proximate result of the negligence of Defendant Castorena on the occasion in question, Plaintiffs incurred substantial, serious, physical and emotional injuries including, but not limited to, physical injuries, past, present and future physical pain and suffering, severe mental anguish, loss of the value of their time, loss of enjoyment of life, and permanent disfigurement. Accordingly, Plaintiffs seek general and special damages from Defendant Castorena as a consequence of the injuries and damages suffered as a result of Defendant Castorena's negligent conduct on the occasion in question.

23. As a further direct and proximate result of the negligence of Defendant Castorena on the occasion in question, Plaintiffs incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses and other special damages and expenses. Accordingly, Plaintiffs seek economic damages from Defendant Castorena, in amounts to be itemized at trial.

## SECOND CLAIM FOR RELIEF
*(Negligence Per Se against Defendant Castorena)*

24. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

25. The aforementioned acts of negligence were in violation of the applicable statutes and ordinances of the State of Colorado including, but not limited to, C.R.S. § 42-4-1401, Reckless Driving; C.R.S. § 42-4-1402, Careless Driving; and C.R.S. § 42-4-702, Vehicle Turning Left.

26. The aforementioned statutes were enacted to protect persons such as Plaintiffs from harm and injury of the type inflicted upon them. As such, the conduct of Defendant Castorena, in violating said statutes, constitutes negligence *per se*.

27. As a direct and proximate result of the Defendant Castorena's negligence *per se* on the occasion in question, Plaintiffs suffered damages as previously alleged.

### THIRD CLAIM FOR RELIEF
*(Respondeat Superior against Defendant MVT)*

28. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

29. Plaintiffs are informed and believe that at the time of the motor vehicle collision referenced above, Defendant Castorena was operating a motor vehicle owned or leased by Defendant MVT.

30. Plaintiffs are informed and believe that at the time of the motor vehicle collision referenced above, Defendant Castorena was an employee of the Defendant MVT, and acting with the course and scope of that employment.

31. As a result of the doctrine of respondeat superior, Defendant MVT is liable at law for the injuries, damages and losses sustained by Plaintiffs and caused by the tortious conduct of Defendant Castorena on the occasion in question.

WHEREFORE, Plaintiffs request the Court enter judgment against Defendants for all general damages, special damages, all statutory and necessary costs including, but not limited to, expert witness fees, expenses incurred in the investigation and discovery required to present Plaintiffs' claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**

By: */s/ Robert E. Markel*
Robert E. Markel, Reg. No. 12401
ATTORNEYS FOR PLAINTIFF

**Plaintiffs' Address:**
11801 Washington Street #D406
Northglenn, CO 80233